# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| HOMER HOLLOWAY, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : CASE NO.: 7:21-CR-32 (LAG) |
| | : 7:23-CV-91 (LAG) |
| UNITED STATES OF AMERICA, | : |
| | : |
| Respondent. | : |
| | : |

# **ORDER**

Before the Court is the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Motion to Vacate under 28 U.S.C. § 2255) (Doc. 144) and the Magistrate Judge's Report and Recommendation (R&R) (Doc. 150), dated March 21, 2024. For the reasons stated below, the R&R is **ACCEPTED** and **ADOPTED**.

*Pro se* Petitioner Homer Holloway filed a Motion to Vacate under 28 U.S.C. § 2255 on August 16, 2023, challenging the sentence imposed after he pleaded guilty to one count of conspiracy to possess with intent to distribute methamphetamine. (Doc. 144 at 1; Doc. 144-1 at 3–8; Docs. 86, 89, 131). Petitioner challenged his sentence on the ground that he "was denied the effective assistance of counsel" because "counsel was ineffective for allowing Petitioner to enter a guilty plea to an offense that the attorney for the Government never charged, therefore rendering the Court without jurisdiction to accept Petitioner's plea, adjudicate Petitioner guilty, and sentence Petitioner for an offense he was never charged with." (Doc. 144 at 4; Doc. 144-1 at 5). As such, Petitioner argues that he "is entitled to relief on this claim of ineffective assistance of counsel" or "in the alternative [to] have his Superseding Information dismissed for lack of jurisdiction." (Doc. 144-1 at 8). The Government filed a Response on October 11, 2023, arguing that Petitioner's Motion should be dismissed because Petitioner "waived his claims for relief when he agreed, pursuant to his plea agreement and appeal waiver, that he 'waives any right to collaterally attack Defendant's conviction and sentence under Title 28, United States Code, Section 2255, or to bring any other collateral attack, except that Defendant shall retain the

right to bring a claim of ineffective assistance of counsel.'" (Doc. 146 at 6 (quoting Doc. 88 at 4)). The Government further argues that Petitioner "has failed to meet his burden of showing that his attorney(s) rendered ineffective assistance of counsel under the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984)." (*Id.* at 7). Petitioner filed a Reply on October 31, 2023, arguing that he "did not receive fair notice of what conduct violated the law, and his counsel was ineffective for failing to object to that fact" and for "not challenging the Information." (Doc. 148 at 2).

On March 21, 2024, the Magistrate Judge issued an R&R recommending that Petitioner's Motion to Vacate be denied. (Doc. 150 at 10). The Magistrate Judge determined that Petitioner "has not established that his guilty plea was involuntarily or unknowingly entered." (*Id.* at 10). The R&R triggered the fourteen-day period provided under 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(a) for the Parties to file written objections. No party filed an objection to the R&R. (*See* Docket).

District courts must "conduct a careful and complete review" to determine "whether to accept, reject, or modify" a magistrate judge's report and recommendation. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (citation omitted). The Court reviews *de novo* the dispositive portions of a magistrate judge's report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court reviews unobjected-to portions of a magistrate judge's report and recommendation for clear error. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). If necessary, the Court may review factual issues *de novo* to "aid its review of a magistrate's report." *Wainwright*, 681 F.2d at 732.

Here, because no Party objected to the R&R, the Court reviews the R&R for clear error. Upon careful and complete review of the R&R and the record in this case, the Court finds no clear error in the R&R. Accordingly, the Court **ACCEPTS, ADOPTS,** and makes the Order of this Court the Magistrate Judge's R&R for reason of the findings made and reasons stated therein. (Doc. 150). Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 144) is **DENIED**.

**SO ORDERED**, this 21st day of October, 2024.

/s/ Leslie A. Gardner

**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**