IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

UNITED STATES OF AMERICA

v.     CRIMINAL NO. 7:21-CR-32(LAG)

HOMER HOLLOWAY

**ORDER ON SUCCESSIVE OR AMENDED MOTION FOR REDUCTION IN SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A) – COMPASSIONATE RELEASE**

Federal prisoner Homer Holloway, proceeding pro se, has moved the Court for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A) in a successive motion for compassionate release. For the following reasons stated below, the motion is **DENIED**.

The First Step Act of 2018 authorized prisoners to move directly for a sentence reduction in district court. Before the Act, "compassionate release" was available only upon a motion from the Director of the Bureau of Prisons. The amended statute provides that once a movant has established that he has fully exhausted his administrative rights, a court may reduce a term of imprisonment if, after considering the § 3553(a) factors, it finds that extraordinary and compelling reasons warrant a reduction and that a reduction is consistent with the "applicable" policy statements. 18 U.S.C. § 3582(c)(1). The policy statements and accompanying application notes provide guidance on the grounds for compassionate release. USSG § 1B1.13.

After careful and complete review of the additional information submitted by the defendant, the applicable factors set forth in 18 U.S.C. § 3553(a) and considering policy statements found at USSG § 1B1.13 to the extent they are relevant to whether a reduction is warranted (and, if so, the amount of the reduction), this motion is **DENIED**.

The Court has reviewed the defendant's Bureau of Prisons (BOP) medical records and information provided by the U.S. Probation Office. His medical records do not indicate his medical conditions are debilitating and do not prevent him from providing self-care in the prison environment. It appears the defendant is receiving appropriate treatment for his medical conditions. Furthermore, the defendant's medical records reflect in October 2025, some of his medical prescriptions were discontinued due to his noncompliance; and in December of 2025, he refused to attend an outside medical appointment.

Therefore, the reasons mentioned in the defendant's motion do not fall within any of the criteria for compassionate release as enumerated at USSG §1B1.13. As such, the defendant has failed to establish extraordinary and compelling reasons warranting compassionate release.

Regarding the Court's assessment of the factors found at 18 U.S.C. §3553(a), the Court has considered the defendant's extensive criminal history and the nature and circumstances of his federal conviction. The Court has determined that the nature and circumstances of the offense and history and characteristics of the defendant weigh heavily against his request for compassionate release.

Accordingly, the defendant's motion is **DENIED**.

So ordered this 28th day of January, 2026



LESLIE ABRAMS GARDNER
CHIEF U.S. DISTRICT JUDGE